IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> and <br><br> JUDITH KEANE, <br><br> Plaintiff Intervenor, <br><br> v. <br><br> SEARS ROEBUCK AND COMPANY, INC <br><br> Defendant. | No. 97 C 3971 <br><br> Judge Charles R. Norgle |

## CONSENT DECREE

### THE LITIGATION

1.  Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed this action alleging that Sears Roebuck and Company, Inc. ("Sears") violated Title I of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 et seq. by failing to provide reasonable accommodations to Judith Keane ("Keane"), the charging party. The EEOC seeks relief for Keane, and Keane has filed a Complaint on her own behalf.

2.  In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally

resolved by entry of this Consent Decree (hereafter "Decree"). By entering into this Consent Decree, no party admits the claims or defenses of another.

3. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC and the Complaint filed by Keane.

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a. This Court has jurisdiction of the subject matter of this action and of the parties.

    b. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, Sears, Keane and the public interest are adequately protected by this Decree.

    c. This Decree conforms with the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties, the claimant, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## INJUNCTION AGAINST DISABILITY DISCRIMINATION

5. Sears, its officers, agents, management (including supervisory employees), successors and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined, with respect to its store in the River Oaks Mall in Calumet City, Illinois (hereinafter, the "River Oaks Store"), from: (i) discriminating against employees on the basis of

their disability (references in this Decree to "disability" shall mean as such term is defined by the ADA) or any condition arising out of their disability; and/or (ii) failing to make a reasonable accommodation (references in this Decree to "reasonable accommodation" shall mean as such term is defined by the ADA) for any employee with a disability.

## NON-RETALIATION

6. Sears, its officers, agents, employees, successors, assigns and all persons acting in concert with it shall not engage, at its River Oaks Store, in any form of retaliation against any person because such person has opposed any practice made unlawful under the ADA, filed a Charge of Discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA.

## MONETARY RELIEF

7. Sears shall pay an aggregate sum of $150,000.00 jointly to the charging party, Judith Keane, and her attorneys, Fritzshall & Pawlowski, in accordance with an executed Settlement and Release Agreement between Sears and Keane (which the EEOC has not reviewed and took no part in negotiating).

8. Within fourteen (14) days after receipt from Keane of an executed Release Agreement between Sears and Keane (which the EEOC has not reviewed and took no part in negotiating) and the entry of the instant Consent Decree, Sears shall make the payment set forth in Paragraph 7. Sears will also send a copy of the check(s) to the EEOC.

## POSTING OF NOTICE

9 Within ten (10) business days after entry of this Decree, Sears shall post copies of the Notice attached as Exhibit A to this Decree at its River Oaks Store, on the bulletin boards

usually used by Sears for communicating with its employees. The Notice shall remain posted for eighteen (18) months from the date of entry of this Decree. Sears shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Sears shall certify to the EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted. Sears shall permit a representative of the EEOC to enter Sears's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours.

## RECORD KEEPING

10. Sears shall maintain and make available for inspection and copying by the EEOC records (including names, social security numbers, addresses, and telephone numbers) of each employee who complains of disability discrimination or requests a reasonable accommodation at its River Oaks Store. With respect to complaints of alleged disability discrimination, such report shall indicate the date the complaint was made, who made it, what was alleged, and what actions the Defendant took to resolve the matter. With respect to requests for reasonable accommodation, the report shall indicate the reasonable accommodation requested and whether it was granted or denied and whether an alternative accommodation was offered and the status of the employee who made the request. The fact that a complaint or request is reported is in no way an indication that Sears agrees that the employee making the complaint or request is a qualified individual with a disability under the ADA or that an accommodation is appropriate or that it is necessary under the ADA.

11. Sears shall make all documents or records referred to in Paragraph 10 above, available for inspection and copying within ten (10) business days after the EEOC so requests, or

such longer period as agreed to by the parties. In addition, Sears shall require personnel within its employ whom the EEOC reasonably requests for purposes of verifying compliance with this Decree to cooperate with the EEOC and to be interviewed.

## REPORTING

12. Sears shall furnish to the EEOC the following written reports each six (6) months for a period of eighteen (18) months following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due seventeen (17) months after entry of the Decree. Each such report shall contain:

(a) A summary of the information recorded by Sears pursuant to Paragraph 10;

(b) A certification by Sears that the Notice required to be posted in Paragraph 9, above, remained posted during the entire six (6) month period preceding the report.

## ADOPTION AND DISTRIBUTION OF POLICY
## AGAINST DISABILITY DISCRIMINATION

13. Within fourteen (14) days after the entry of this Consent Decree Sears shall adopt and maintain a policy against disability discrimination under the ADA. Within thirty (30) days after the entry of this Consent Decree Sears shall distribute a copy of said Policy to each employee at its River Oaks Store.

(a) The policy shall, at a minimum, specifically prohibit all discrimination on the basis of disability under the ADA against employees.

(b) The policy will also, at a minimum, inform employees that they are entitled to a reasonable accommodation of their disability under the ADA.

(c) Copies of the policy against disability discrimination under the ADA will be provided to employees within seven (7) days of commencement of employment at Sears' River Oaks Store.

Sears shall forward a copy of the Policy to the EEOC within twenty-one (21) business days after entry of this Decree. The inclusion of this paragraph in the Decree does not represent EEOC's or the Court's approval of Sears's anti-discrimination or policy.

## TRAINING

14. It is agreed that by September 30, 2006, managers and supervisory personnel at the River Oaks Store will receive training about the ADA, covering the definition of a qualified individual with a disability, the interactive process, and reasonable accommodation under the ADA and Sears policy against disability discrimination. In addition, within thirty (30) days of becoming a supervisors or manager, new supervisors and managers will also receive such training.

15. It is agreed that the training referred to in this section will be overseen by the Sears' law department, Sears' human resources representatives, and/or Sears' outside counsel.

16. It is agreed that, once such training session has transpired, such training session will be reported to the EEOC in writing. Upon transmittal of such notification, Sears will be deemed to have fully complied with its training obligations under this Consent Decree.

## DISPUTE RESOLUTION

17. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business

days, or such other time as is agreed to by the parties, to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days (or such other amount of time as agreed to by both parties), the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

18. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of eighteen (18) months immediately following entry of the Decree, provided, however, that if, at the end of the eighteen (18) month period, any disputes under Paragraph 18, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

19. Except as otherwise provided in paragraph 7, above, each party to this Decree shall bear its own expenses, attorney's fees, and costs.

20. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of Sears. Sears will provide a copy of this Decree to any person(s) or organization(s) which proposes to acquire or merge with Sears, prior to the effectiveness of such acquisition or merger.

21. When this Decree requires the submission by Sears of reports, certifications, notices, requests, or other materials to the EEOC, they shall be mailed to: Sears (Keane) ADA Settlement, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2800,

Chicago, Illinois, 60661. When this Decree requires submission by the EEOC of materials to Sears, they shall be mailed to: Stephen L. Sitley, Associate General Counsel, Sears, Roebuck & Co., 3333 Beverly Road, B6-363B, Hoffman Estates, Illinois, 60179.

**ENTERED AND APPROVED FOR:**

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 886-9124

_____
JOHN C. HENDRICKSON
Regional Attorney

_____
GREGORY GOCHANOUR
Supervisory Trial Attorney

DATE: July 10, 2006

_____
ENTER:
The Honorable Charles R. Norgle
United States District Judge

For Sears, Roebuck and Co.

_____
STEPHEN L. SITLEY
Associate General Counsel

For Judith Keane

_____
BRAD PAWLOWSKI
Counsel for Judith Keane

## EXHIBIT A
## NOTICE TO ALL Sears EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. Sears Roebuck and Company, Inc., No. 97 C 3971, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Sears.

In its suit, the EEOC alleged that Sears discriminated against a former employee of Sears River Oaks by failing to provide reasonable accommodations for her alleged disability under the Americans with Disabilities Act of 1991 ("ADA"). Sears denies the allegations in the lawsuit and denies liability to the former employee.

To resolve the case, Sears and the EEOC have entered into a Consent Decree covering Sears River Oaks which provides, among other things, that:

1) Sears will pay a monetary settlement to the former employee who was the alleged victim of disability discrimination;

2) Sears will not discriminate against any employee on the basis of a disability covered by the ADA and will provide a reasonable accommodation to such disabled employees in accordance with the ADA;

3) Sears will not retaliate against any person because (s)he opposed any practice made unlawful by the ADA, filed an ADA charge of discrimination, or participated in any ADA proceeding;

4) Sears will distribute to all River Oaks employees its policy against disability discrimination and will train its River Oaks managers regarding disability discrimination and its policy.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may follow the complaint procedure in Sears's non-discrimination and anti-harassment policy and you may contact the EEOC at (312) 353-8195. The EEOC charges no fees and has a TTD number.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for eighteen months from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Sears (Keane) ADA Settlement, EEOC, 500 West Madison Street, Suite 2800, Chicago, IL 60661.**

_____  _____
Date                        Judge Charles R. Norgle
                            United States District Court